366 A.2d 221

**COMMONWEALTH of Pennsylvania**

v.

**Robert Lee MONTGOMERY, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 1, 1976.

Decided Nov. 24, 1976.

John Sughrue, Public Defender, Richard H. Milgrub, Asst. Public Defender, for appellant.

Richard A. Bell, Dist. Atty., for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

This appeal arises from a guilty plea by appellant, Robert Lee Montgomery, to a general charge of murder in connection with the deaths of Dorothy Knepp and Donald Snyder. On August 13, 1973, appellant was adjudged guilty of two counts of murder in the first degree and sentenced to two consecutive terms of life imprisonment. This appeal followed.

The facts surrounding this appeal are as follows. On January 22, 1972, Dorothy Knepp and Donald Snyder were shot and killed at the Windmill Tavern, Clearfield County, by appellant, Robert Lee Montgomery.

On January 15, 1973, appellant pled guilty to each of the two counts of murder generally. The trial judge, after a "guilty plea colloquy" heard the Commonwealth's evidence. The hearing was continued until February 5, 1973, at which time the testimony was concluded, but the court did not render an adjudication of guilt or impose sentence.

On March 6, 1973, appellant wrote to the trial judge requesting a hearing be held so that he could withdraw his guilty plea. Appellant stated the shooting was an "accident," and he mistakenly believed he could still raise

that defense on appeal even though he pled guilty to a general charge of murder. Appellant also requested a jury trial. On March 12, 1973, the court below, without a hearing or prior notification to defense counsel or the district attorney, denied appellant's requests.

On August 13, 1973, appellant was sentenced to two consecutive terms of life imprisonment at a state correctional institution for the murders of Dorothy Knepp and Donald Snyder.

We are of the opinion that the case should be remanded for a counseled evidentiary hearing to consider appellant's request to withdraw his guilty plea. Appellant's letter of March 6, 1973 lists three possible reasons, if sustained by the evidence, which may be grounds to allow withdrawal:

1. Appellant did not understand that portion of the colloquy concerning defenses.
2. Appellant requested a trial by jury.
3. Appellant incorrectly assumed that defenses could be raised on appeal.

We believe appellant should have an opportunity to make a complete factual and legal presentation to the trial court. In addition, the Commonwealth should be allowed to present any evidence that "substantial prejudice" would occur if the appellant is allowed to withdraw his plea. See *Commonwealth v. Morales*, 452 Pa. 53, 305 A.2d 11 (1973) and *Commonwealth v. Santos*, 450 Pa. 492, 301 A.2d 829 (1973), and *Commonwealth v. Starr*, 450 Pa. 485, 489, 301 A.2d 592, 594.

In these circumstances, proper procedure under Pa.R. Crim.P. 320 requires an evidentiary hearing be conducted to give both appellant and the Commonwealth an opportunity to present both factual and legal issues to the trial court.

The record in the above matter is remanded to the Court of Common Pleas of Clearfield County for an evi-

dentiary hearing to consider the request of Robert Lee Montgomery to withdraw his guilty plea prior to sentencing.