401 A.2d 318

COMMONWEALTH of Pennsylvania, Appellee,

v.

Robert Lee MONTGOMERY, Appellant.

Supreme Court of Pennsylvania.

Argued March 5, 1979.

Decided May 1, 1979.

Richard H. Milgrub, Public Defender, for appellant.

Barbara H. Schickling, Asst. Dist. Atty., Kim Kesner, Clearfield, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

EAGEN, Chief Justice.

On January 22, 1972, Dorothy Ann Knepp and Donald Harry Snyder were fatally shot at the Windmill Tavern in Clearfield County. Subsequently, appellant, Robert Lee Montgomery, was indicted for both killings. On September 13, 1977, Montgomery, while assisted by counsel, plead guilty[1] to "two counts of murder of the second degree."[2]

[1]. Initially, Montgomery was presented for arraignment and trial by jury on January 15, 1973. At that time, he entered general pleas of guilt to two counts of murder. Following a degree-of-guilt hearing, the court adjudged Montgomery guilty of two counts of murder of the first degree. Prior to sentencing, Montgomery requested permission to withdraw his guilty pleas. This request was denied. On August 13, 1973, Montgomery was sentenced to two concurrent terms of life imprisonment. He appealed the judgments of sentence to this Court. On November 24, 1976, we remanded the record to the Court of Common Pleas of Clearfield County for an evidentiary hearing to consider Montgomery's request to withdraw his guilty pleas. *Commonwealth v. Montgomery*, 469 Pa. 374, 366 A.2d 221 (1976). Following the ordered evidentiary hearing, the court granted Montgomery's request for permission to withdraw his guilty pleas and established a date for trial. However, on September 13, 1977, Montgomery entered the pleas involved in the instant appeal.

[2]. Since the killings occurred on January 22, 1972, the statute defining murder of the second degree is the Act of June 24, 1939, P.L. 872, § 701, *as amended* by the Act of December 1, 1959, P.L. 1621, § 1.

In exchange for the guilty pleas, the district attorney agreed Montgomery could plead guilty to two counts of murder of the second degree and also recommended the court impose a sentence of not less than ten years nor more than twenty years imprisonment on one count and a consecutive sentence of not less than six years nor more than twelve years imprisonment on the other count. Following a degree-of-guilt hearing, the court "accepted" the pleas of guilt to "murder of the second degree" and immediately imposed the recommended sentences. On September 21, 1977, Montgomery filed a motion requesting the court to reconsider the judgments of sentence. This motion was denied and this appeal followed.

■ Initially, Montgomery maintains the trial court erred in accepting the guilty pleas. Specifically, he says his pleas were not knowing and intelligent since various facts on the record contravened his guilt. See *Commonwealth v. Roundtree*, 440 Pa. 199, 269 A.2d 709 (1970). This issue is raised for the first time on appeal to this Court and, therefore, has not been properly preserved for review.

■ In the motion,[3] filed after the imposition of the judgments of sentence and subsequently denied by the court, Montgomery did not challenge the validity of the guilty pleas. Rather, the sole issue raised in the motion was the legality of the sentences.[4] Thus, any challenge to the validi-

Appendix to 18 Pa.C.S.A. § 101 *et seq.* at Former Title 18 P.S. § 4701. This statute was repealed and replaced in the Crimes Code at 18 Pa.C.S.A. § 2502 (1973), *as amended* by 18 Pa.C.S.A. § 2502 (1978–79 Supp.).

3. We note Montgomery's motion, entitled "Post-Trial Motions," complied with the requirements of Pa.R.Crim.P. 321(a). (Effective September 1, 1977.)

4. Montgomery's motion requested the court to reconsider the imposed sentences solely because "[t]he sentence[s] [were] contrary to the law and excessive under the circumstances of the case." The motion also reserved the right to file additional and supplemental reasons in support of the motion when a copy of the transcribed notes of testimony became available. The trial court denied the motion on September 22, 1977. Although the transcribed notes of testimony were not available until December 15, 1977, Montgomery

ty of the guilty pleas is waived. Pa.R.Crim.P. 321. Cf. Pa.R.Crim.P. 1123; *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975); *Commonwealth v. Agie*, 449 Pa. 187, 296 A.2d 741 (1972).

Montgomery next contends the trial court erred in denying his pretrial motion to quash the indictment. He urges the indictment violated Pa.R.Crim.P. 219(b) since it contained two murder charges under one count of one indictment.[5] We need not and do not reach the merits of this issue.

A plea of guilty constitutes a waiver of all nonjurisdictional defects and defenses. *Commonwealth v. Rice*, 456 Pa. 90, 318 A.2d 705 (1974); *Commonwealth v. Allen*, 443 Pa. 447, 277 A.2d 818 (1971). When a defendant pleads guilty, he waives the right to challenge anything but the legality of his sentence and the validity of his plea. *Commonwealth v. Greer*, 457 Pa. 646, 326 A.2d 338 (1974); *Commonwealth v. McNeill*, 453 Pa. 102, 305 A.2d 51 (1973). Instantly, Montgomery does not allege the Commonwealth failed to confront him with an indictment formally notifying him of the crimes charged.[6] See generally, *Commonwealth v. Diaz*, 477 Pa. 122, 383 A.2d 852 (1978); *Commonwealth v. Little*, 455 Pa. 163, 314 A.2d 270 (1974). Rather, he charges the indictment is defective because it allegedly did not comply with the form suggested by Pa.R.Crim.P. 219(b). Clearly, the alleged defect is nonjurisdictional in nature. Thus, the issue is waived.

Finally, Montgomery complains the trial court erred in sentencing him pursuant to an indictment which allegedly did not comply with Pa.R.Crim.P. 219(b). In effect, Montgomery seeks review of the trial court's failure to quash the indictment by phrasing the issue as an attack on the legality

never petitioned the trial court to reconsider its denial based on any additional or supplemental reasons.

5. A fair reading of the indictment indicates it contains two counts.

6. The indictment specifically charges Montgomery with two murders and he plead guilty to murder of the second degree on both charges.

of the sentences.[7]  Phrased in this manner, the issue would, at first blush, seem to be cognizable on appellate review of a guilty plea.  See *Green,* supra; *McNeill,* supra.  However, we decline to review the merits of a nonjurisdictional issue merely because it is phrased in terms of an attack on the legality of the sentences.

Judgments affirmed.

MANDERINO, J., filed a dissenting opinion.

MANDERINO, Justice, dissenting.

I dissent.  I cannot agree that defendant has waived his right to raise the issue of whether 219(b) has been violated.  Rules are made to benefit all defendants, not some of them.  Rule 219(b) does not say that it is inapplicable if one pleads guilty.  I fail to understand why a defendant who loses a motion to quash the indictment *must* go to trial pleading not guilty to preserve the issue.

---

7.  We note the judgments of sentence were within the limits provided by statute and were, in fact, bargained for by Montgomery in exchange for his guilty pleas.