J-S08041-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GARY D. WILLIAMS | |
| Appellant | No. 2428 EDA 2014 |

Appeal from the PCRA Order August 1, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0001658-2012
CP-46-CR-0003236-2012

BEFORE: DONOHUE, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED FEBRUARY 18, 2015**

Appellant Gary D. Williams appeals *pro se* from the order of the Montgomery County Court of Common Pleas denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9542, *et seq.* We affirm.

Appellant was charged at docket number at CP-46-CR-0001658-2012 with theft by deception-false impression,[1] theft by unlawful taking-movable property,[2] receiving stolen property,[3] conspiracy,[4] and possessing

---

[1] 18 Pa.C.S. § 3922(a)(1).

[2] 18 Pa.C.S. § 3921(a).

[3] 18 Pa.C.S. § 3925(a).

[4] 18 Pa.C.S. § 903(c).

instruments of crime.[5]  Appellant was charged at docket number CP-46-CR-0003236-2012 with theft by deception–false impression and receiving stolen property.

On October 21, 2013, Appellant entered a negotiated guilty plea.  At docket number CP-46-CR-0001658-2012, he pled guilty to theft by deception, conspiracy, and possessing instruments of crime.  At docket number CP-46-CR-0003236-2012, he pled guilty to theft by deception.  The trial court sentenced Appellant that same day pursuant to the negotiated guilty plea to concurrent terms of one-and-one-half to three years' incarceration and four years' probation for each theft by deception conviction and for the conspiracy conviction.  Additionally, the trial court sentenced Appellant to a consecutive five-year term of probation for the possessing instruments of crime conviction.  Appellant did not file post-sentence motions or a direct appeal.

On January 6, 2014, Appellant filed a *pro se* PCRA petition.[6]  On January 14, 2014, the PCRA court appointed counsel, who filed a no-merit letter pursuant to ***Commonwealth v. Finley***[7] and ***Commonwealth v.***

_____

[5] 18 Pa.C.S. § 907(a).

[6] Appellant's PCRA petition alleged errors with the arrest warrant and ineffective assistance of counsel for failing to file a motion regarding errors with the arrest warrant.  Motion for Post Collateral Conviction Relief, 1/6/2014, at 4.

[7] 550 A.2d 213 (Pa.Super.1998).

***Turner***,[8] and a petition to withdraw as counsel. On June 19, 2014, the trial court issued notice of its intent to dismiss the petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907 and granted counsel's petition to withdraw. On August 1, 2014, the PCRA court dismissed the petition. On August 21, 2014, Appellant filed a timely notice of appeal. The trial court did not order a statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) and Appellant did not file one. On August 29, 2014, the trial court issued an order adopting its June 19, 2014 notice of intent to dismiss as its Rule 1925(a) opinion.

Appellant raises the following issues on appeal:

1. Can an arrest warrant be issued without probable cause supported by oath or affirmation?

2. Should have the private citizen criminal complaint gone before the district attorney for the commonwealth for approval or anyone empowered to take complaints under oath before an arrest warrant was issued for the defendant?

3. Can a police officer give verification under oath, based solely upon the complaint information? And not have any firsthand knowledge or knowledge gain through an independent investigation, that a crime has been omitted by the accused.

4. District Judge: Juanita A. Price abandon her neutral position by allowing Officer Robert Wilsbach to go under oath, to obtain an arrest warrant for the defendant without

---

[8] 544 A.2d 927 (Pa.1988).

having any factual knowledge that he had committed a crime.

5. Can a police Officer from another jurisdiction approve a criminal complaint for a crime that didn't occur in his jurisdiction?

Appellant's Brief at 3 (verbatim).[9]  Appellant's first four issues challenge the arrest warrants and the procedures used for issuance of the warrant. Appellant's fifth issue maintains the Montgomery County police officers lacked jurisdiction to file criminal charges against Appellant.

Our standard of review from the denial of post-conviction relief "is limited to examining whether the court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Ousley*, 21 A.3d 1238 (Pa.Super.2011) (citing *Commonwealth v. Morales*, 701 A.2d 516, 520 (Pa.1997)).

"A plea of guilty constitutes a waiver of all nonjurisdictional defects and defenses. When a defendant pleads guilty, he waives the right to challenge anything but the legality of his sentence and the validity of his plea." *Commonwealth v. Jones*, 929 A.2d 205, 212 (Pa.2007) (quoting *Commonwealth v. Montgomery*, 401 A.2d 318, 319 (Pa.1979)).  Further, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v.*

_____

[9] Appellant's Brief does not contain page numbers.  All page numbers are supplied by this Court.

*Hickman*, 799 A.2d 136, 141 (Pa.Super.2002) (quoting *Commonwealth v. Allen*, 557 Pa. 135, 732 A.2d 582 (Pa.1999)).

For ineffective assistance of counsel claims, the petitioner must establish: "(1) that the underlying claim has merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors or omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." *Ousley*, 21 A.3d at 1244 (quoting *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa.Super.2010)). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Id.* "The failure to prove any one of the three [ineffectiveness] prongs results in the failure of petitioner's claim." *Id.* (quoting *Rivera*, 10 A.3d at 1279).

The PCRA court found Appellant waived all claims challenging the arrest warrants and his counsel's failure to challenge the warrants' validity when he pled guilty. Order, 6/19/2014, at ¶11. Further, the PCRA court found the claims related to the arrest warrants lacked merit, because the warrants were signed by a judge, and found the ineffectiveness claims lacked merit because counsel cannot be found ineffective for failing to raise a meritless claim. *Id.*, at ¶ 13.

The trial court acted within its discretion in finding Appellant waived all claims related to the arrest warrant. *See Jones*, 929 A.2d at 212; *Hickman*, 799 A.2d at 141. Further, the court acted within its discretion in finding the claims lacked merit. *See* Pa.R.Crim.P. 513 (requirements for

- 5 -

issuance of arrest warrant); ***Commonwealth v. Taylor***, 850 A.2d 684, 687 (Pa.Super.2004) ("Probable cause is determined by considering the totality of the circumstances. Under the totality of the circumstances, a police officer must make a practical common sense decision whether, given all of the circumstances known to him at that time, including hearsay information, there is a fair probability that a crime was committed and that the suspect committed the crime." (internal citations omitted)); ***Ousley***, 21 A.3d at 1244 (to establish ineffectiveness claim, petitioner must establish underlying claim had merit).

Appellant's fifth claim alleges Montgomery County lacked jurisdiction to file criminal charges against him. This claim is waived because he failed to raise it in his PCRA petition. ***Commonwealth v. Fletcher***, 986 A.2d 759, 778 (Pa.2009) (finding claims waived when not in PCRA petition).

Because the trial court acted within its discretion in dismissing claims related to the arrest warrants and because Appellant waived his claim related to a lack of jurisdiction to file criminal charges, we affirm the dismissal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/18/2015</u>