J-A10043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOE SAM VAZQUEZ | |
| Appellant | No. 1272 MDA 2014 |

Appeal from the PCRA Order July 9, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0004041-2010

BEFORE:  GANTMAN, P.J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED APRIL 06, 2015**

Joe Sam Vazquez appeals from an order dismissing his petition for relief under the Post Conviction Relief Act ("PCRA") without a hearing.  He argues, *inter alia*, that his attorney coerced him into agreeing to a negotiated plea of 8-20 years' imprisonment.  We affirm.

On May 30, 2010, Vazquez had a physical confrontation with Pedro Rivera-Rosario in which Rivera-Rosario prevailed.  N.T., 9/7/12, pp. 18-20 (guilty plea hearing).  As Rivera-Rosario walked away, Vazquez shot him three times with a .22 caliber handgun.  *Id*.  Vazquez also shot Daria Rivera, Rivera-Rosario's sister, once with the same handgun.  *Id*.

A series of attorneys represented Vazquez following his arrest, resulting in a two-year delay between his arrest and his guilty plea.  Finally, on September 7, 2012, Vazquez entered a negotiated plea agreement in

which he pled guilty to attempted murder,[1] aggravated assault,[2] and firearms not to be carried without a license[3] in return for an aggregate sentence of 8-20 years' imprisonment. Vazquez filed a timely post-sentence motion requesting inclusion in the RRRI program. On December 3, 2012, the court denied Vazquez's motion.

At an unspecified point during December 2012, Vazquez mailed a *pro se* motion for reconsideration to the court alleging that guilty plea counsel (1) failed to request a presentence investigation, which Vazquez claims would have demonstrated his good citizenship; (2) failed to present character witnesses at sentencing; and (3) denied Vazquez his right of allocution at sentencing by telling him not to say anything to the judge, because he is "grumpy", "doesn't want to hear anything", and "lives in the city and doesn't like people that own guns." Vazquez did not file a direct appeal.

On July 15, 2013, Vazquez filed a timely *pro se* PCRA petition alleging that guilty plea counsel ignored his requests to file for reconsideration of sentence, thus preventing Vazquez from "challeng[ing] the discretionary

---

[1] 18 Pa.C.S. § 901(a).

[2] 18 Pa.C.S. § 2702(a)(1).

[3] 18 Pa.C.S. § 6106(a)(1).

aspects of his sentence." The court appointed PCRA counsel to represent Vazquez.

On December 6, 2013, PCRA counsel submitted a "no-merit" letter to the court pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa.1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super.1988). PCRA counsel reasoned that Vazquez could not mount a legitimate challenge to the discretionary aspects of his sentence, because it was the product of a negotiated guilty plea. PCRA counsel also rejected Vazquez's claim that guilty plea counsel failed to request reconsideration of Vazquez's sentence, noting that guilty plea counsel filed a post-sentence motion to admit Vazquez into the RRRI program. PCRA counsel added that Vazquez entered into a valid negotiated guilty plea, because his guilty plea was supported by a full written colloquy form and extensive oral colloquy in court. Finally, PCRA counsel advised that he could find no meritorious issues despite a conscientious review of the record.

PCRA counsel sent the no-merit letter to Vazquez and informed him he had the right to provide any information or argument he deemed relevant to the court within twenty days. Vazquez submitted responses to the no-merit letter on December 27, 2013 and March 14, 2014 arguing that guilty plea counsel failed to highlight threats made by the victim, the fact that the victim was the aggressor, and Vazquez's claim of self-defense. On April 7, 2014, counsel submitted a supplemental no-merit letter in which he wrote that the trial court explicitly advised Vazquez at sentencing that he was

giving up his self-defense claims at sentencing in return for receiving a negotiated sentence of 8-20 years' imprisonment. Thus, PCRA counsel concluded, Vazquez voluntarily gave up his right to pursue claims of self-defense. PCRA counsel mailed a copy of his supplemental no-merit letter to Vazquez.

On May 1, 2014, the court issued a detailed notice of intent to dismiss Vazquez's PCRA petition without a hearing under Pa.R.Crim.P. 907 ("notice of intent"). On May 22, 2014, Vazquez filed a response to the notice of intent. In an opinion and order dated July 9, 2014 ("order of dismissal"), the court dismissed Vazquez's petition without a hearing and granted PCRA counsel leave to withdraw. On July 30, 2014, Vazquez filed a timely appeal. On August 18, 2014, without ordering Vazquez to file a Pa.R.A.P. 1925(b) statement, the court filed a Pa.R.A.P. 1925(a) opinion incorporating by reference its notice of intent and its order of dismissal.

Because Appellant alleged PCRA counsel ineffectiveness in his response to the PCRA court's notice of intent, we will review the PCRA court's determination that counsel complied with *Turner/Finley* and review whether the PCRA court properly granted counsel's request to withdraw. *See Commonwealth v. Rykard*, 55 A.3d 1177 (Pa.Super.2012) (reviewing PCRA Court's grant of withdrawal and *Turner/Finley* analysis where appellant challenged it in opposition to notice of intent to dismiss). *Turner/Finley* provides a mechanism for post-conviction counsel to

withdraw. **Rykard**, 55 A.3d at 1184. Competent PCRA counsel must conduct an independent review of the record before a PCRA or appellate court can authorize counsel's withdrawal. *Id.* This independent review

> requires counsel to file a 'no-merit' letter detailing the nature and extent of his review[,] [listing] each issue the petitioner wishes to have examined, [and] explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit.

*Id.* Here, PCRA counsel's first no-merit letter provided a cogent response to the issue raised in Vazquez's PCRA petition, reasoning that Vazquez waived any challenge to the "discretionary aspects of his sentence" by entering into a valid negotiated plea. PCRA counsel observed that the plea was valid because Vazquez signed a guilty plea colloquy form and underwent an extensive oral colloquy during which he testified that he understood all components of the agreement and apologized to the court for his criminal conduct. PCRA counsel's supplemental no-merit letter cogently responded to Vazquez's additional communications to the court, reasoning that the trial court advised Vazquez at sentencing that he was giving up his self-defense claims at sentencing in return for receiving a negotiated sentence. The PCRA court's notice of intent demonstrates that it carefully reviewed all documents submitted by Vazquez and PCRA counsel and found that Vazquez's petition was devoid of merit. Therefore, we conclude that counsel

complied with **Turner/Finley**, and that the PCRA court properly granted PCRA counsel leave to withdraw.

Vazquez's disjointed *pro se* brief boils down to the claims that he acted in self-defense, and that his attorneys "collectively" forced him to plead guilty to a higher sentence than originally promised.[4] We agree with the PCRA court that these arguments lack arguable merit.

Our standard of review from the denial of post-conviction relief "is limited to examining whether the court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Ousley**, 21 A.3d 1238 (Pa.Super.2011) (citing **Commonwealth v. Morales**, 701 A.2d 516, 520 (Pa.1997)).

"A plea of guilty constitutes a waiver of all nonjurisdictional defects and defenses. When a defendant pleads guilty, he waives the right to challenge anything but the legality of his sentence and the validity of his plea." **Commonwealth v. Jones**, 929 A.2d 205, 212 (Pa.2007) (quoting **Commonwealth v. Montgomery**, 401 A.2d 318, 319 (Pa.1979)). Further, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." **Commonwealth v.**

---

[4] Vazquez waived all other claims previously raised in the lower court due to his failure to argue them in his appellate brief. **Lackner v. Glosser**, 892 A.2d 21, 29–30 (Pa.Super.2006) ("arguments which are not appropriately developed are waived").

*Hickman*, 799 A.2d 136, 141 (Pa.Super.2002) (quoting *Commonwealth v. Allen*, 557 Pa. 135, 732 A.2d 582 (Pa.1999)).

For ineffective assistance of counsel claims, the petitioner must establish: "(1) that the underlying claim has merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors or omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." *Ousley*, 21 A.3d at 1244 (quoting *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa.Super.2010)). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Id.* "The failure to prove any one of the three [ineffectiveness] prongs results in the failure of petitioner's claim." *Id.* (quoting *Rivera*, 10 A.3d at 1279).

The record demonstrates that Vazquez signed a guilty plea agreement agreeing to a sentence of 8-20 years' imprisonment and waiving all rights that he would have enjoyed had he gone to trial. Moreover, the court conducted an extensive colloquy in which it recited each right that Vazquez was giving up. Vazquez knowingly, intelligently and voluntarily answered that he understood these rights and agreed to waive them. In particular, the court asked: "When you plead guilty, you admit you committed these offenses, you give up the right to present any defense to these charges, *such as self-defense* or anything else, and I can find you guilty based on your admission of guilt in open court without hearing testimony under oath

from witnesses. Do you understand that?" N.T., 9/7/12, p. 14 (emphasis added). Vazquez answered: "Yes, your Honor." *Id*. Vazquez admitted that the decision to plead guilty was his, and that nobody forced, threatened or pressured him to plead guilty. *Id*. at 15. Vazquez further stated that he was satisfied with the work that guilty plea counsel did on his behalf and had no complaints about what he did or did not do. *Id*. at 16-17. After the Commonwealth recited the facts underlying the charges, the court asked: "Mr. Vazquez, are those the offenses described by the Assistant District Attorney to which you're pleading guilty?" *Id*. at 20. Vazquez answered: "Yes, your Honor." *Id*. Vazquez then stated: "I just want to say sorry to the victims and sorry to the Commonwealth." *Id*. The court thereupon accepted the plea agreement. *Id*.

The record belies Vazquez's present claims that his attorneys collectively forced him to plead guilty and that he acted in self-defense. He admitted on the record that he was guilty of all offenses, and he expressly waived the right to argue self-defense as part of his guilty plea. *Jones*, 929 A.2d at 212. He also admitted that he voluntarily entered his guilty plea, and that nobody forced him to plead guilty. Thus, the PCRA court correctly determined that Vazquez's PCRA petition lacked merit and properly dismissed his petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/6/2015</u>