J. S27013/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                      :          PENNSYLVANIA
          v.            :
                      :
MARTIN ZAVALA ZAVALA,        :          No. 3122 EDA 2014
                      :
          Appellant     :

Appeal from the PCRA Order, October 21, 2014,
in the Court of Common Pleas of Chester County
Criminal Division at No. CP-15-CR-0000909-2013

BEFORE:  FORD ELLIOTT, P.J.E., STABILE AND FITZGERALD,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED JUNE 16, 2015**

Martin Zavala Zavala appeals, ***pro se***, from the order of October 21, 2014, dismissing his second PCRA[1] petition.  We affirm.

On July 18, 2013, appellant entered a negotiated guilty plea to two counts of possession with intent to deliver ("PWID") cocaine.  Appellant received the negotiated sentence of 6 to 12 years' incarceration, including a 5 to 10-year mandatory minimum sentence on Count 2.  (Notes of testimony, 7/18/13 at 3.)  Appellant did not file post-sentence motions or a direct appeal; however, on April 10, 2014, appellant filed a timely ***pro se*** PCRA petition.  Counsel was appointed, who filed a petition for leave to

---

* Former Justice specially assigned to the Superior Court.

[1] Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

withdraw and a **Turner**/**Finley** "no merit" letter.[2] On July 17, 2014, the PCRA court issued Rule 907 notice and granted counsel permission to withdraw.[3] Appellant did not file any response to Rule 907 notice. On August 19, 2014, appellant's petition was dismissed. Appellant did not file an appeal from the August 19, 2014 order.

On August 21, 2014, appellant filed a motion for discovery, followed by his second PCRA petition on August 29, 2014. On September 19, 2014, the PCRA court issued Rule 907 notice of its intent to dismiss the petition without a hearing within 20 days. The PCRA court stated that the petition was untimely filed and that the claims raised therein were previously litigated, having been raised in appellant's first PCRA petition. (Docket #22.) Appellant filed a **pro se** response to Rule 907 notice on October 6, 2014. On October 21, 2014, the PCRA court dismissed appellant's second PCRA petition. In addition, also on October 21, 2014, appellant's discovery motion was denied.

On October 30, 2014, appellant filed a timely **pro se** notice of appeal. On December 16, 2014, the PCRA court ordered appellant to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P. 1925(b). (Docket #27.) The docket indicates that appellant was

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (**en banc**).

[3] Pa.R.Crim.P., Rule 907, 42 Pa.C.S.A.

served with the order via certified mail. On December 22, 2014, the PCRA

court issued a statement adopting the orders of July 17, 2014 and

September 19, 2014, as its opinion for purposes of this appeal. Appellant

did not file a Rule 1925(b) statement.[4]

> The standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. Furthermore, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings.

*Commonwealth v. Johnson*, 945 A.2d 185, 188 (Pa.Super. 2008),

*appeal denied*, 956 A.2d 433 (Pa. 2008), quoting *Commonwealth v.*

*Taylor*, 933 A.2d 1035, 1040 (Pa.Super. 2007) (citations omitted).

> Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Robinson*, 575 Pa. 500, 508, 837 A.2d 1157, 1161 (2003). The most recent amendments to the PCRA, effective January 16, 1996, provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Bretz*, 830 A.2d 1273, 1275 (Pa.Super.2003);

---

[4] Ordinarily, failure to comply with Rule 1925 results in waiver. *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998). However, here, the PCRA court filed a Rule 1925(a) opinion and the record was forwarded to this court before expiration of the 21-day period for appellant to file a Rule 1925(b) statement. Therefore, we cannot find waiver on this basis.

> ***Commonwealth v. Vega***, 754 A.2d 714, 717
> (Pa.Super.2000). A judgment is deemed final "at
> the conclusion of direct review, including
> discretionary review in the Supreme Court of the
> United States and the Supreme Court of
> Pennsylvania, or at the expiration of time for seeking
> the review." 42 Pa.C.S.A. § 9545(b)(3).

***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa.Super. 2010),

***appeal denied***, 20 A.3d 1210 (Pa. 2011).

Instantly, appellant was sentenced on July 18, 2013, and his sentence

became final on Monday, August 19, 2013, when the 30-day appeal period

expired.[5] Appellant had one year from that date, or August 19, 2014, to file

a timely PCRA petition. As such, appellant's second petition, filed August 29,

2014, is facially untimely.

Section 9545 also provides the following three exceptions that allow

for review of an untimely PCRA petition: (1) petitioner's inability to raise a

claim as a result of governmental interference; (2) the discovery of

previously unknown facts or evidence that would have supported a claim;

and (3) a newly recognized constitutional right. 42 Pa.C.S.A.

§ 9545(b)(1)(i)-(iii). To invoke an exception, the petitioner must plead it

explicitly and satisfy the burden of proof. ***Commonwealth v. Beasley***, 741

A.2d 1258, 1261 (Pa. 1999). In addition, any exception must be raised

---

[5] The actual 30th day following sentencing, August 17, 2013, fell on a Saturday. ***See*** 1 Pa.C.S.A. § 1908 (excluding weekends and holidays from the computation of time).

within 60 days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Appellant claims that the Commonwealth violated **Brady**[6] by failing to turn over documentary evidence including lab reports, search warrants, and wiretap authorizations. (Appellant's brief at 8.) Appellant also claims that he only became aware of the purported **Brady** violation on August 29, 2014, and the Commonwealth prevented him from discovering it earlier. (**Id.**) Appellant attempts to invoke the governmental interference exception to the one-year time bar.

First, we observe that appellant entered a negotiated guilty plea. When he entered the plea, he agreed to waive all non-jurisdictional defects and defenses, including a claim that the Commonwealth failed to comply with the rules of discovery.

> "A plea of guilty constitutes a waiver of all nonjurisdictional defects and defenses. When a defendant pleads guilty, he waives the right to challenge anything but the legality of his sentence and the validity of his plea." **Commonwealth v. Montgomery**, 485 Pa. 110, 401 A.2d 318, 319 (1979) (internal citations omitted); **see Commonwealth v. Irby**, 445 Pa. 248, 284 A.2d 738, 739 (1971) ("[I]t is settled law that all procedural and non-jurisdictional defects and defenses not previously raised were waived when he pleaded to the indictment.").

---

[6] **Brady v. Maryland**, 373 U.S. 83 (1963).

*Commonwealth v. Jones*, 929 A.2d 205, 212 (Pa. 2007). In fact, plea counsel indicated that they had discussed filing pre-trial motions, and appellant elected not to do so. (Notes of testimony, 7/18/13 at 3-4.)

In addition, to obtain relief on a serial PCRA petition, appellant must demonstrate a miscarriage of justice or actual innocence of the crimes charged. *Commonwealth v. Lawson*, 549 A.2d 107, 112 (Pa. 1988). Appellant's claim that the Commonwealth failed to comply with mandatory pre-trial discovery does not implicate the truth-determining process or establish his innocence. Furthermore, appellant fails to allege how this evidence was exculpatory or would have changed the outcome.[7] Appellant now alleges that he was not the individual speaking in the intercepted telephone conversations; however, appellant agreed to plead guilty in

---

[7] In order to succeed on a **Brady** claim, a defendant must establish that the evidence withheld was favorable to him, *i.e.*, that it was exculpatory or had impeachment value; the evidence was suppressed by the prosecution; and prejudice resulted. *Commonwealth v. Sattazahn*, 597 Pa. 648, 952 A.2d 640, 658 n. 12 (2008). In order to establish prejudice, a defendant is obliged to show that "the evidence in question was material to guilt or punishment, and that there is a reasonable probability that the result of the proceeding would have been different but for the alleged suppression of the evidence." *Commonwealth v. James Dennis*, 597 Pa. 159, 950 A.2d 945, 966 (2008) (citing **Brady**, 373 U.S. at 87, 83 S.Ct. 1194; *Kyles v. Whitley*, 514 U.S. 419, 434, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995)).

*Commonwealth v. Miller*, 987 A.2d 638, 655 (Pa. 2009).

exchange for a negotiated sentence. Appellant agreed with the facts as related by the assistant district attorney. (Notes of testimony, 7/18/13 at 5.) This claim fails.

Appellant also claims his sentence is illegal. According to appellant, he should have received a sentence of 3 to 6 years. Appellant asserts that a challenge to the legality of the sentence is non-waivable. (Appellant's brief at 8.)

> [W]hile challenges to the legality of a defendant's sentence cannot be waived, they ordinarily must be raised within a timely PCRA petition. ***Commonwealth v. Fahy***, 558 Pa. 313, 737 A.2d 214, 223 (1999). This is because the PCRA statute is intended as the sole means of collaterally challenging a sentence. ***See*** 42 Pa.C.S. § 9542; ***Commonwealth v. Taylor***, 65 A.3d 462 (Pa.Super.2013); ***Commonwealth v. Infante***, 63 A.3d 358 (Pa.Super.2013); ***Commonwealth v. Fowler***, 930 A.2d 586 (Pa.Super.2007); ***cf. Commonwealth v. Haun***, 613 Pa. 97, 32 A.3d 697 (2011) (discussing § 9542 and sole means language).

***Commonwealth v. Concordia***, 97 A.3d 366, 372 (Pa.Super. 2014).

While it is true that a challenge to the legality of a sentence cannot be waived, it is still subject to the jurisdictional time restrictions of the PCRA. Appellant's petition was untimely filed, and the PCRA court was without jurisdiction to address it. Appellant failed to plead and prove any exception to the PCRA's jurisdictional one-year time bar, and the PCRA court did not err in dismissing appellant's petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>6/16/2015</u>