J. S14007/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DAVID ALONSO CORADO, | : | No. 1635 MDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence September 21, 2015,
in the Court of Common Pleas of Lancaster County
Criminal Division at Nos. CP-36-CR-0002897-2012,
CP-36-CR-0002902-2012

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., AND STEVENS, P.J.E.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED APRIL 25, 2016**

David Alonso Corado appeals from the judgment of sentence of September 21, 2015, following his guilty plea to drug and firearms charges. Appointed counsel, Christopher P. Lyden, Esq., has filed a petition to withdraw and accompanying **Anders** brief.[1]  After careful review, we grant the withdrawal petition and affirm the judgment of sentence.

On May 31, 2013, appellant entered a negotiated guilty plea to one count each of possession with intent to deliver ("PWID"), delivery of a controlled substance (heroin), possession of drug paraphernalia, criminal use

---

* Former Justice specially assigned to the Superior Court.

[1] **See Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).

of a communication facility, and carrying a firearm without a license. The trial court imposed the negotiated sentence of 5-10 years, which included a 5-year mandatory minimum sentence pursuant to 18 Pa.C.S.A. § 9712.1 (drug offenses committed with firearms). Appellant did not file post-sentence motions or take a direct appeal; however, on April 9, 2014, he filed a *pro se* motion for modification of sentence *nunc pro tunc*, which was denied on April 14, 2014. Appellant filed a *pro se* notice of appeal on April 30, 2014, followed by a *pro se* PCRA[2] petition on May 30, 2014. Counsel was appointed to represent appellant in the PCRA proceedings.

On June 6, 2014, appellant withdrew his appeal. On June 18, 2015, the Commonwealth filed a response to appellant's PCRA petition, conceding that his sentence was illegal.[3] On July 17, 2015, the PCRA court granted appellant's petition and scheduled a resentencing hearing for September 21, 2015. On that date, appellant was resentenced to an aggregate of 4-8 years' incarceration followed by 2 years of probation. A timely notice of appeal was filed on September 22, 2015. On September 23, 2015, appellant was ordered to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P. 1925(b); appellant complied on

---

[2] Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

[3] In **Commonwealth v. Newman**, 99 A.3d 86 (Pa.Super. 2014) (**en banc**), **appeal denied**, 121 A.3d 496 (Pa. 2015), we found Section 9712.1 unconstitutional in light of **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151 (2013), which held that any fact that served to aggravate the minimum sentence must be found by a jury beyond a reasonable doubt.

September 29, 2015, by filing a statement of intent to file an ***Anders***/***McClendon*** brief in lieu of filing a statement in accordance with Rule 1925(c)(4). (Docket #43.) The only potential issue identified for appeal was whether the trial court imposed an illegal sentence. (***Id.***) On November 3, 2015, the trial court filed a Rule 1925(a) opinion. (Docket #46.)

Counsel having filed a petition to withdraw, we reiterate that "[w]hen presented with an ***Anders*** brief, this court may not review the merits of the underlying issues without first passing on the request to withdraw." ***Commonwealth v. Daniels***, 999 A.2d 590, 593 (Pa.Super. 2010), citing ***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa.Super. 2007) (***en banc***) (citation omitted).

> In order for counsel to withdraw from an appeal pursuant to ***Anders***, certain requirements must be met, and counsel must:
>
> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or

statutes on point that have led to the conclusion that the appeal is frivolous.

**Daniels**, 999 A.2d at 593, quoting **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

Upon review, we find that Attorney Lyden has complied with all of the above requirements.[4] In addition, Attorney Lyden served appellant a copy of the **Anders** brief, and advised him of his right to proceed **pro se** or hire a private attorney to raise any additional points he deemed worthy of this court's review. Appellant has not responded to counsel's petition to withdraw. As we find the requirements of **Anders** and **Santiago** are met, we will proceed to the issues on appeal.

First, we observe that appellant entered a negotiated guilty plea. When he entered the plea, he agreed to waive all non-jurisdictional defects and defenses.

> "A plea of guilty constitutes a waiver of all nonjurisdictional defects and defenses. When a defendant pleads guilty, he waives the right to challenge anything but the legality of his sentence and the validity of his plea." **Commonwealth v. Montgomery**, 485 Pa. 110, 401 A.2d 318, 319 (1979) (internal citations omitted); **see**

---

[4] Initially, Attorney Lyden failed to comply with **Anders**/**Santiago**. He failed to file a petition to withdraw or a letter to appellant with instructions pursuant to **Anders**. On February 5, 2016, this court ordered that Attorney Lyden's brief be stricken and that on or before March 11, 2016, he file an advocate's brief on behalf of appellant or a petition to withdraw and brief following the dictates of **Anders**, **McClendon**, and **Santiago**. Attorney Lyden complied on February 11, 2016, filing a petition to withdraw, including the letter to appellant setting forth his rights under **Anders**, and a proper **Anders** brief.

> ***Commonwealth v. Irby***, 445 Pa. 248, 284 A.2d 738, 739 (1971) ("[I]t is settled law that all procedural and non-jurisdictional defects and defenses not previously raised were waived when he pleaded to the indictment.").

***Commonwealth v. Jones***, 929 A.2d 205, 212 (Pa. 2007). Furthermore, appellant may not challenge the discretionary aspects of the sentence, where the terms of the sentence were made part of the negotiated plea. ***Commonwealth v. Baney***, 860 A.2d 127, 131 (Pa.Super. 2004), ***appeal denied***, 877 A.2d 459 (Pa. 2005).

Here, appellant negotiated a sentence of 5 to 10 years, which was reduced to 4 to 8 years following ***Alleyne***. Appellant's sentence was within the guidelines and was not illegal.

Attorney Lyden states that appellant's guilty plea colloquy was deficient in several respects, ***e.g.***, the trial court did not determine that appellant understood he had the right to a jury trial and that he was presumed innocent until proven guilty. (***Anders*** brief at 10.) However, appellant did not object to these alleged defects during the plea proceedings, nor did he file post-sentence motions. (***Id.***) Therefore, any argument that the plea colloquy was defective and appellant's plea was invalid would have to be raised on collateral review in the context of trial counsel ineffectiveness. ***See Commonwealth v. D'Collanfield***, 805 A.2d 1244, 1246 (Pa.Super. 2002) (appellant's argument that there was an insufficient factual basis for the plea was not properly preserved for appeal because trial

counsel failed to preserve the issue by objecting at the sentencing colloquy or otherwise raising the issue at the sentencing hearing or through a post-sentence motion), citing Pa.R.Crim.P. 720(B), and *Commonwealth v. Archer*, 722 A.2d 203, 209 (Pa.Super. 1998) (issues not preserved on appeal are waived); *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002) (defendants should wait until the collateral review phase to raise claims of ineffective assistance of counsel); *Commonwealth v. Holmes*, 79 A.3d 562 (Pa. 2013) (reaffirming *Grant* and holding that, absent specific circumstances not applicable here, claims of ineffective assistance of counsel are to be deferred to PCRA review).

For the reasons discussed above, we determine that appellant's issues on appeal are wholly frivolous and without merit. Furthermore, after our own independent review of the record, we are unable to discern any additional issues of arguable merit. Therefore, we will grant Attorney Lyden's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/25/2016