J-S11038-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
| | :          PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| SHANNON DUPREE GOODWIN | : |
| | : |
| Appellant | :   No. 1220 WDA 2025 |

Appeal from the PCRA Order Entered September 11, 2025
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000732-2023

BEFORE:  LAZARUS, P.J., STABILE, J., and NEUMAN, J.

MEMORANDUM BY LAZARUS, P.J.:               **FILED:  April 23, 2026**

Shannon Dupreee Goodwin appeals from the order, entered in the Court of Common Pleas of Erie County, dismissing, without a hearing, his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After review, we reverse and remand.

On February 5, 2024, Goodwin entered a guilty plea, before the Honorable John J. Mead, to one count each of third-degree murder, aggravated assault (F-1), and possessing a firearm without a license after he fatally shot one victim and wounded another in a nightclub.[1]  Goodwin also

---

[1] Goodwin pled guilty to the following allegations, as recounted by the district attorney at the plea hearing:

> [O]n or about December 30, 2022, in Erie County[,] Pennsylvania[, Goodwin] did, with malice, cause the death of another human being, specifically Steve Smith, Sr., by firing a

*(Footnote Continued Next Page)*

executed a written plea colloquy pleading guilty to the aforementioned charges; the Commonwealth agreed to *nolle prosse* any remaining charges.[2] In the written colloquy, Goodwin acknowledged that he reviewed the charges with plea counsel, that he understood the maximum sentence for each crime he was pleading guilty to, and that his plea was "made voluntarily . . . without any pressure or promise[."]  Defendant's Statement of Understanding of Rights Prior to Guilty/No Contest Plea, 2/5/24, at 1.

_____

gunshot striking Mr. Smith, Sr.[,] causing his death.  This occurred in the area of 1837 Buffalo Road, in the city of Erie, Erie County, Pennsylvania, and by doing so did commit the crime of murder in the third degree, a felony of the first degree.

***

It's further alleged at Count 4 that on the same date and time and in the same location, that you did attempt to cause serious bodily injury to another or caused such injury intentionally, knowingly[,] or recklessly under circumstances manifesting extreme indifference to the value of human life.

***

Finally, at count 7, it's alleged on the same date and time and in the same location, you did carry a firearm in a vehicle or concealed such firearm on or about your person.  Specifically, a loaded 9[-] millimeter pistol in the same location, which was not your place of abode or fixed place of business, and you did so without a license or other privilege under the uniform Firearms Act, thereby committing the crime of firearms not to be carried without a license, a felony of the third degree.

N.T. Plea Hearing, 2/5/24, at 7-8.

[2] The Commonwealth *nolle prossed* one count each of first-degree murder, possession of a weapon, and simple assault, two counts of recklessly endangering another person, and three counts of aggravated assault.

On April 23, 2024, Judge Mead[3] sentenced Goodwin to 15 to 30 years' imprisonment on the murder charge, a consecutive term of imprisonment of 40 to 80 months on the assault charge, and a term of 12 to 24 months' incarceration on the firearms charge, to run concurrent with the murder sentence. Goodwin was also ordered to pay over $11,000.00 in fees, plus $14,930.75 in costs and $9,945.00 in restitution. The court applied the deadly weapon "used" sentencing enhancement (DWE) to Goodwin's murder and aggravated assault charges. *See* 18 Pa.C.S.A. 2154(b)(3); *see also* 204 Pa. Code § 303.10(a).

On April 25, 2024, Goodwin filed a *pro se* letter asking the court to appoint counsel to assist him in filing post-sentence motions, noting that "current counsel has not and I do not believe has plans to and did not preserve requested issues or provide adequate assistance during sentencing or prior to." *See Pro Se* Letter, 4/25/24. On April 29, 2024, Goodwin filed a *pro se* request for an extension of time to file post-sentence motions, "as counsel did not file as requested after sentencing and has not contacted or notified me on anything once again." *Pro Se* Request for Extension, 4/29/24. On May 3, 2024, current counsel, Celena Ann Sidun, Esquire, entered her appearance for Goodwin. Attorney Sidun filed a post-sentence motion to withdraw Goodwin's

---

[3] Notably, Goodwin's written plea colloquy states, "I understand that the Judge who accepts my plea may NOT be the [j]udge who imposes sentence in my case under Erie County Court Rules. It is still my desire to plead guilty/no contest." Defendant's Statement of Understanding of Rights Prior to Guilty/No Contest Plea, 2/5/24, at 1.

guilty plea on the same day she entered her appearance. The motion sought withdrawal of the guilty plea on the basis that the plea was not tendered knowingly, intelligently, voluntarily, or understandingly. *See* Post-Sentence Motion, 5/3/24, at 3. The trial court denied Goodwin's motion on May 29, 2024. Goodwin did not file a direct appeal.

On June 16, 2025, Goodwin filed the instant, timely PCRA petition. On August 5, 2025, the PCRA court filed notice of its intent to dismiss Goodwin's petition without a hearing. *See* Pa.R.Crim.P. 907. On August 25, 2025, Goodwin filed a response to the court's Rule 907 notice, requesting leave to amend his PCRA petition. The trial court denied the request to amend on August 28, 2025. On September 11, 2025, the court dismissed Goodwin's PCRA petition. Goodwin filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise[4] statement of errors complained of on appeal. Goodwin presents the following issues for our consideration:

1. Did the PCRA [c]ourt err in denying [Goodwin's r]equest for [l]eave to [a]mend PCRA [p]etition?

2. Did the PCRA [c]ourt err in dismissing [Goodwin's] PCRA [p]etition without an evidentiary hearing where [Goodwin] raised

---

[4] Goodwin's counseled 22-page Rule 1925(b) statement is anything but concise. We caution counsel to abide by the word and spirit of Rule 1925(b) in future cases. *See* Pa.R.A.P. 1925(b)(4)(ii) ("The Statement shall **concisely** identify each error the appellant intends to assert with sufficient detail to identify the issue to be raised of the judge.") (emphasis added); Pa.R.A.P. 1925(b)(4)(iv) ("The Statement should not be redundant or provide lengthy explanations as to any error. Where non-redundant, non-frivolous issues are set forth in an appropriately concise manner, the number of errors raised will not alone be grounds for finding waiver.").

material issues of fact and presented claims of arguable merit warranting further review?

3. Was [Goodwin's] guilty plea involuntary due to an inadequate plea colloquy?

4. Did trial counsel provide ineffective assistance of counsel by providing erroneous advice on the consequences of entering a plea, thereby inducing [Goodwin] to enter an unknowing and involuntary plea?

5. Was trial counsel ineffective for failing to receive, investigate, and review discovery and prepare for trial prior to advising [Goodwin] to enter a plea, thereby inducing [Goodwin] to enter an unknowing and involuntary plea?

6. Was trial counsel ineffective for failing to discuss with [Goodwin] the defenses to the crimes charged, thereby depriving [Goodwin] of the ability to make a knowing, voluntary, and intelligent decision regarding whether to proceed to trial or enter a plea?

7. Was trial counsel ineffective for failing to file a [p]etition for [w]rit of [h]abeas [c]orpus and failing to inform [Goodwin] of the option to do so, thereby inducing [Goodwin] to enter an unknowing and involuntary plea?

8. Was trial counsel ineffective for failing to investigate witnesses provided to him, thereby inducing [Goodwin] to enter an unknowing and involuntary plea?

Appellant's Brief, at 5-6 (reordered).

"A plea of guilty constitutes a waiver of all non[-]jurisdictional defects and defenses. When a defendant pleads guilty, he waives the right to challenge anything but the legality of his sentence and the validity of his plea." **Commonwealth v. Jones**, 929 A.2d 205, 212 (Pa. 2007) (quoting **Commonwealth v. Montgomery**, 401 A.2d 318, 319 (Pa. 1979)). Further, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant

to enter an involuntary or unknowing plea." ***Commonwealth v. Hickman***, 799 A.2d 136, 141 (Pa. Super.2002) (quoting ***Commonwealth v. Allen***, 732 A.2d 582 (Pa. 1999)).

Goodwin contends that the PCRA court erred in denying his request to amend his PCRA petition where our rules of criminal procedure provide that "amendment should be freely allowed to achieve substantial justice." Appellant's Brief, at 30. We are constrained to agree, especially in light of the fact that the PCRA court dismissed Goodwin's petition without a hearing.

Pennsylvania Rule of Criminal Procedure 905 states that "[a PCRA] judge **may** grant leave to amend . . . a petition for post-conviction collateral relief at any time." Pa.R.Crim.P. 905(A) (emphasis added). "PCRA courts are invested with discretion to permit the amendment of a pending, timely-filed post-conviction petition, and this Court has not endorsed the [] position that the content of amendments must substantively align with the initial filing." ***Commonwealth v. Flanagan***, 854 A.2d 489, 499-500 (Pa. 2004).

In ***Flanagan***, our Supreme Court recognized that because of the PCRA's strict time limitations for filing petitions, a "pending PCRA proceeding will most likely comprise the petitioner's sole opportunity to pursue collateral relief in state court." ***Id.*** at 500 (citation omitted). In fact, when an original petition is defective, "the judge **shall** order amendment of the petition[.]" Pa.R.Crim.P. 905(B) (emphasis added). Rule 905(A) was created "to provide PCRA petitioners with a legitimate opportunity to present their claims to the PCRA court in a manner sufficient to avoid dismissal due to a correctable

defect in claim pleading or presentation." ***Commonwealth v. McGill***, 832 A.2d 1014, 1024 (Pa. 2003), citing ***Commonwealth v. Williams***, 782 A.2d 517, 526-27 (Pa. 2001).

In ***Williams***, ***supra***, our Supreme Court outlined PCRA counsel's role as follows:

> [I]t is apparent that competent PCRA counsel must, in pleadings and briefs, undertake to develop, to the extent possible, the nature of the claim asserted with respect to each individual facet of a layered ineffectiveness claim, including that which relates to appellate counsel. While a majority of this Court would presently continue to allow a degree of latitude in this regard, the distinction between sufficient and insufficient claims will likely undergo further development over time in the context of specific cases; therefore, to ensure a petitioner's entitlement to merits review, it is critical that post-conviction counsel avoid arguments on the fringes of appropriate presentation.
>
> ***
>
> Particularly in light of the legislative scheme channeling all forms of claims through the PCRA and limiting the opportunity for seeking post-conviction review to the one-year period after the judgment of sentence becomes final, ***see*** 42 Pa.C.S.[A.] § 9545[(b)], both PCRA courts and counsel must pay careful attention to their respective obligations under the rules. Where PCRA courts discern the potential for amendment, it is their obligation under Rule 905(b) to specifically allow the opportunity; where dismissal is deemed the appropriate course, the court must obviously provide sufficiently specific reasons for the disposition such that the potential for amendment may be reasonably evaluated by counsel. Upon receipt of either form of notice, counsel must undertake a careful review of the pleadings and other materials submitted to ensure that a sufficient offer has been made to warrant merits review. These procedures are afforded not only to protect the integrity of the process and the rights of a capital petitioner in the common pleas setting, but also to provide the essential predicate for appellate review of the post-conviction proceedings by this Court.

*Id.* at 525-27 (footnote omitted). Although ***Williams*** involved a capital defendant who was not provided proper pre-dismissal notice of the PCRA court's reason(s) for dismissing his petition, the Court clearly emphasized the fact that the legislatively created PCRA scheme "places substantial responsibility upon PCRA counsel to properly identify claims implicating a right to relief and to present them in a form which would invoke merits review." *Id.* at 524. "Indeed, particularly in light of the time limitation[s] [] imposed under the PCRA, a substantial default by post-conviction counsel may ultimately foreclose merits review of a claim." *Id.*

Instantly, Goodwin sought leave to amend his petition "to add additional arguments, add an additional letter [Goodwin] sent to [plea counsel,] Attorney Jones[,] prior to the guilty plea, and add a statement from Attorney Jones regarding his reasoning[] for his actions/inactions." Response to Rule 907 Notice/Request for Leave to Amend PCRA Petition, 8/25/25, at 4. Goodwin's petition included the following facts to support his claims of plea counsel's ineffectiveness:

- Goodwin did not know the state of his case just 17 days prior to entering his guilty plea, the same day as jury selection was scheduled;

- Goodwin was only shown a basic sentencing matrix and was not shown the DWE matrix or made aware that the plea would include a DWE;

- Goodwin was told by plea counsel that his sentence "would begin with a number in the single digits;"

- Plea counsel never told Goodwin whether he would be boot-camp eligible;

- Plea counsel never shared the fees/costs/amount of restitution he would be required to pay or whether those amounts were reasonable;

- Goodwin believed he had a valid concealed-carry license on the night of the incident and, prior to sentencing, counsel never checked to see if that license had, in fact, been revoked;

- The legal term "malice" was never explained or defined for him;

- Plea counsel failed to investigate 17 witnesses for which Goodwin provided him names and phone numbers;

- Goodwin expressed to the court, prior to being sentenced, that he had "a lot of questions" and neither the court nor counsel responded to his statement; and

- The day after sentencing, Goodwin asked the court to have new counsel appointed because plea counsel did not plan to file a post-sentence motion for him and did not preserve issues or properly assist him during or prior to sentencing.

PCRA Petition, 6/16/25, at 3-30.

The PCRA court states that it denied Goodwin's request to amend his PCRA petition because "[a]ssuming, *arguendo*, the [c]ourt had granted the request for leave to amend, [Goodwin] has still failed to raise any meritorious ineffective assistance of counsel claims under the PCRA." Memorandum Opinion, 10/14/25 at 1 n.1. We find the court abused its discretion in denying Goodwin's request to amend based on the liberal standard under Rule 905 and, most critically, due to its circular logic that because it determined Goodwin's unamended, original PCRA petition failed to raise any meritorious claims, then any amended petition would fall prey to the same fate. **See Commonwealth v. Williams**, 828 A.2d 981, 993 (Pa. 2003) (noting criminal procedural rules contemplate "liberal amendment" policy for PCRA petitions).

- 9 -

It is possible that Goodwin's amended petition may include information (i.e. a letter and statement from plea counsel) directly bearing on whether plea counsel's representation was effective.  For these reasons, we reverse the court's order dismissing Goodwin's PCRA petition and remand this matter to the PCRA court to permit Goodwin to file an amended petition.[5]

Order reversed.  Case remanded for proceedings consistent with this decision.  Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  4/23/2026

_____

[5] In light of our disposition, it is premature to address Goodwin's remaining claims on appeal—in particular, the court's failure to grant an evidentiary hearing and Goodwin's ineffectiveness of counsel claims.  Once Goodwin files his amended petition, the PCRA court must reassess whether the claims raised in his original petition and amended petition, *in toto*, require a Pa.R.Crim.P. 907 evidentiary hearing.  Ultimately, the court's ruling on the petitions will result in a new appealable order, at which time Goodwin may re-raise any preserved collateral claims.