J-S86011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                             :               PENNSYLVANIA
                                             :
                 v.                            :
                                           :
JAQUAN WATSON                      :
                                         :
              Appellant         :       No. 9 WDA 2016

Appeal from the Judgment of Sentence November 3, 2015
In the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0002009-2014

BEFORE: GANTMAN, P.J., MOULTON, J., STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:         **FILED FEBRUARY 17, 2017**

Appellant Jaquan Watson appeals from the judgment of sentence entered in the Court of Common Pleas of Cambria County on November 3, 2015, following his guilty plea to one count each of third-degree murder, and Persons not to possess, use, manufacture, control, sell or transfer firearms.[1] We affirm.

The trial court briefly set forth the facts of this case as follows:

> The testimony at the preliminary hearing established that at approximately 1:30 a.m. on July 13, 2014, [Tyrone] Williams arrived at Building 28 at the Oakhurst Homes looking for a

---

[1] 18 Pa.C.S.A. §§ 2502(c), 6105(a)(1), respectively.

*Former Justice specially assigned to the Superior Court.

female friend. He approached a group that included [Richard A.] Cook, [Fidel L.] Cosby and [Appellant] that was gathered outside the building. Williams was informed by someone in the group where to locate his friend and he left for that location. Williams returned shortly thereafter and for reasons that are unclear had an altercation with one person in the group and was struck by that person or someone else in the group. Williams then walked away toward Grandinetti Avenue. While Williams was standing near Grandinetti Avenue, Cook, Cosby, and [Appellant] drew handguns and began firing at him.

Williams fled toward Daniel Street while the three continued firing. Williams' body was eventually found a short distance up a hill near Daniel Street. An autopsy revealed that Williams was struck multiple times with rounds from different caliber handguns with the fatal shot being a back to front through and through that passed his heart and lung. This round was never recovered. Eyewitnesses stated that [Appellant] was firing a semi-automatic handgun with silver on top, Cook was firing a revolver, and Cosby was firing a larger semi-automatic handgun with a laser sight. Detectives from the Johnstown Police Department (JPD) were eventually able to locate and arrest all three suspects. During interviews Cook admitted to being present at the scene, to possessing a .22 caliber revolver that night, to seeing [Appellant] pull a handgun, to seeing [Appellant] firing at Williams, and to drawing his own revolver. Cook stated that he did not recall firing his weapon that night.

Trial Court Opinion, filed 3/1/16, at 3-4.

Appellant initially was charged in a Criminal Complaint on July 15, 2014, as a "principle [sic] or accomplice" of criminal homicide in the death of Mr. Williams. In the Criminal Information filed on November 21, 2014, Appellant was charged as "the Actor" in the homicide. Thereafter, on September 17, 2015, the Commonwealth filed an Amended Information wherein Appellant was charged as "a principal or accomplice." Appellant challenged the amendment, and following a hearing on September 21, 2015, on this issue and other pretrial motions, the trial court permitted the

Criminal Information to be amended. In doing so, the trial court reasoned Appellant had not been surprised or prejudiced since the matter had been viewed from the outset as one wherein the codefendants acted in concert. N.T., 9/21/15, at 26-27.

The Commonwealth filed a Motion for Consolidation on July 7, 2015, and Appellant filed a Motion to Sever under Pa.R.Crim.P. 583.[2] Following the Consolidation Hearing held on September 11, 2015, at which Appellant opposed the Commonwealth's Motion to Consolidate, the trial court granted the Commonwealth's motion and denied Appellant's motion to sever.[3]

On September 22, 2015, the day upon which jury selection was scheduled to begin, Appellant and his codefendants entered guilty pleas and agreed to waive their right to withdraw those pleas.[4] Sentencing was

_____

[2] This Rule states that:

> The court may order separate trials of offenses or defendants, or provide other appropriate relief, if it appears that any party may be prejudiced by offenses or defendants being tried together.

Pa.R.Crim.P 583.

[3] While the Docket Entries indicate an Order was entered denying Appellant's Motion to Sever on September 11, 2015, no corresponding written motion appears in the certified record.

[4] While Appellant initially hesitated to enter into a plea due to the fact he had not been promised a definitive period of incarceration, following a detailed discussion with his counsel and the trial court, Appellant eventually decided to plead guilty. N.T. Guilty Plea, 9/22/15, at 4-10.

scheduled for November 3, 2015; however, on November 2, 2015, Appellant filed his "Motion for Withdrawal of Guilty Plea" wherein he alleged, *inter alia*, that: "there is a fair and just reason that he should be permitted to withdraw his guilty pleas as he avers he that he is not guilty of the alleged offenses, and further avers that he was under great pressure and not thinking clearly when he entered his guilty pleas. . . . " **See** Motion to Vacate Guilty Plea, filed 11/2/15, at ¶ 3.

On November 3, 2015, the trial court denied Appellant's motion and sentenced him to a period of incarceration of two hundred four (204) months to four hundred eighty (480) months in prison on the third-degree murder charge and to a consecutive term of forty-eight (48) months' to one hundred twenty (120) months' incarceration on the firearms charge. N.T. Sentencing, 11/3/15, at 52-53. Appellant filed a post-sentence motion to modify his sentence, and following a hearing, the trial court denied the same on December 22, 2015.

On December 29, 2015, Appellant filed a timely notice of appeal.[5] On January 6, 2016, the trial court ordered Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant filed the same on January 29, 2016, wherein he raised five claims.

---

[5] Codefendant Richard A. Cook's appeal from his judgment of sentence is pending in this Court. **See Commonwealth v. Cook**, 5 WDA 2016.

The trial court filed its opinion pursuant to Pa.R.A.P. 1925(a) on March 1, 2016.

Appellant now presents the following Statement of Questions Involved:

1. Did the [t]rial [c]ourt commit reversible error when it granted the Commonwealth's request to consolidate the trials of Fidel Cosby, Richard Cook and [ ] [A]ppellant [] over objection from Appellant[?]

2. Did the [t]rial [j]udge commit reversible error by allowing the Commonwealth [to] file an amended Criminal Information over objection from [Appellant] on 09/17/15 when jury selection was scheduled to begin on 09/22/15[?]

3. Did the [t]rial [j]udge commit reversible error by not continuing the trial to give the [Appellant] additional time to prepare for trial based on the material change in the Information set forth in paragraph 2 above[?]

4. Did the [t]rial [c]ourt err in denying [Appellant's] pre-sentence motion to withdraw his guilty plea where he asserted a plausible claim of innocence?

5. Did the [c]ourt err in sentencing [Appellant] to an aggregate twenty-one (21) to fifty year period of incarceration?

Brief for Appellant at 5.

Appellant first maintains the trial court erred in granting the Commonwealth's motion to consolidate the trials of Appellant and his codefendants. Appellant relies upon Pa.R.CrimP. 582(B)(1) and (2) to support his claim that the Commonwealth's failure to file a written Notice of Joinder prior to formal arraignment on November 25, 2014, and its failure to file a motion for consolidation as part of an omnibus pretrial motion within thirty days of formal arraignment rendered its motion untimely and,

therefore, the trial court should have denied it on procedural grounds. Brief for Appellant at 11-12. Appellant further notes Pa.R.Crim.P. 583 provides that where it appears a party may be prejudiced if offenses or defendants are tried together, the trial court may order separate trials. Appellant maintains "[a] problem of constitutional proportions arises in joint trials when the prosecutor seeks to offer into evidence a confession of one defendant which implicates another," and that herein, while he did not make a confession, Appellant's codefendant Cook clearly implicated Appellant as the shooter such that Appellant had been denied his rights under the "confrontation clause." *Id*. at 13. Appellant reasons that were a trial held, based upon the evidence the Commonwealth would have presented and the complex nature of the case, the jury could not have separated such evidence and likely would have convicted all three defendants as it "would have been unable to determine who fired the fatal shot, and all three would have or could have been unjustly convicted of 1st Degree Murder." *Id*. at 13-14. Finally, Appellant claims that while his codefendants made statements which could be introduced against them, such statements would constitute inadmissible hearsay against Appellant, who did not make a statement, and that evidence would be unfairly prejudicial to him at a joint trial. *Id*.

Initially, we note it is well-settled that the decision to join or sever offenses for trial is within the trial court's discretion and will not be reversed on appeal absent a manifest abuse thereof or a showing of prejudice or clear

injustice to the defendant. ***Commonwealth v. Wholaver***, 605 Pa. 325, 351, 989 A.2d 883, 898 (2010). Herein, the trial court reasoned that numerous factors, including the fact that the charges against Appellant and his codefendants arose from the same course of events and the same witnesses would be called in the trial of each, militated in favor of joinder. Trial Court Opinion, filed 3/1/16, at 7. In addition, the trial court determined Appellant could not meet the standard to prove prejudice, because the charges were not so numerous or disparate that a properly-instructed jury would have been rendered unable to separate the evidence against each defendant. ***Id***. at 7-8. In addition, the trial court pointed out that whether the statements of Appellant's codefendants would have been admitted into evidence never had been determined, and Appellant could have sought at trial to limit what portions thereof the Commonwealth might introduce. ***Id***. at 8. Further, the trial court found Appellant had not been prejudiced by the Commonwealth's motion, since all pretrial proceedings involved all three defendants, and nothing in the Pennsylvania Rules of Procedure places a deadline on the Commonwealth for filing a motion to consolidate. ***Id***. at 9.

As the trial court stated, Rule 582(B)(2) provides that a motion to consolidate "must *ordinarily* be included in the omnibus pretrial motion." Pa.R.Crim.P. 582(B)(2) (emphasis added). The use of the word "ordinarily" plainly indicates that while motions to consolidate should normally be included in an omnibus pretrial motion, the rule is not absolute, and there

are certain circumstances where a motion to consolidate will be considered outside of an omnibus motion. This Court will not make a rule absolute when the plain language does not purport to do so; thus, under the facts presented herein, where Commonwealth filed its motion several weeks before trial and each pretrial proceeding involved all three defendants, we find the trial court did not err by considering the Commonwealth's motion.

The timeliness of the Commonwealth's motion aside, we find Appellant's challenge to be moot as Appellant and his codefendants entered guilty pleas prior to trial; thus, there was no joint trial at which Appellant was subjected to prejudice. Indeed, Appellant speaks in terms of the prejudice that might have or would have befallen him had trial occurred and if statements of codefendants Cook and Cosby were introduced into evidence. Brief for Appellant at 13-14. "A defendant requesting a separate trial must show real potential for prejudice rather than mere speculation." *Commonwealth v. Serrano*, 61 A.3d 279, 285 (Pa.Super. 2013) (citation omitted). As such, the trial court correctly determined Appellant simply cannot show that he was prejudiced by its decision to consolidate the matters for trial. This claim, therefore, does not warrant relief.

In his second and third issues, Appellant argues the trial court committed reversible error by permitting the Commonwealth to amend the Criminal Information several days prior to the date upon which trial was scheduled to commence without providing Appellant with additional time to

prepare a defense for trial based upon the alleged material change. Specifically, Appellant explains that while the original Criminal Complaint filed on July 15, 2014, named him as an actor or accomplice in the death of Tyrone Williams, the Criminal Information filed on November 21, 2014, charged him only as the principal actor; thus, Appellant and his counsel prepared for trial based upon the Criminal Information. Brief for Appellant at 14. Appellant maintains that the Commonwealth's Amended Information filed on September 17, 2015, alleging he acted either as a principal or as an accomplice was impermissible as it clearly expanded and changed the nature of the offense. *Id*. at 15-16. While he admits he never sought to have his trial continued, Appellant reasons the trial court may have *sua sponte* granted a continuance pursuant to Pa.R.Crim.P. 106.[6] Appellant posits that in light of the gravity of the charged offenses, the trial court should have continued the trial in the interests of justice to allow such a young man more time to make an informed decision to enter a guilty plea or proceed to trial. *Id*. at 17-18.[7]

Pa.R.Crim.P. 564 states:

---

[6] This rule provides in relevant part that: "[t]he court or issuing authority may, in the interests of justice, grant a continuance, on its own motion, or on the motion of either party." Pa.R.Crim.P. 106 (A).

[7] Prior to pleading guilty, Appellant indicated he was twenty years old. N.T. Guilty Plea, 9/22/15, at 20.

> The court may allow an information to be amended when there is a defect in form, the description of the offense(s), the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense. Upon amendment, the court may grant such postponement of trial or other relief as is necessary in the interests of justice.

Pa.R.Crim.P. 564. Additionally,

> [i]n reviewing a grant to amend an information, the Court will look to whether the appellant was fully apprised of the factual scenario which supports the charges against him. Where the crimes specified in the original information involved the same basis elements and arose out of the same factual situation as the crime added by the amendment, the appellant is deemed to have been placed on notice regarding his alleged criminal conduct and no prejudice to defendant results.

***Commonwealth v. Mentzer***, 18 A.3d 1200, 1202–03 (Pa.Super. 2011) (citation omitted).

Herein, as has been stated above, the Criminal Complaint filed on July 15, 2014, charged Appellant as both the principal and accomplice to the offenses of homicide and aggravated assault. The Commonwealth explained that although the charge was "typed over defectively by the [District Attorney's] office," N.T., 9/21/15 at 25, its theory of the case never changed. The Commonwealth stressed that from the time of the preliminary hearing held on October 1, 2014, Appellant was aware he was charged with acting as an accomplice to his and his codefendants. Brief for Appellee at 9

citing N.T. Preliminary Hearing, 10/1/14, at 118-19.[8]   Indeed, Appellant

adduced no evidence at the September 21, 2015, hearing that he was

prejudiced by the amendment.

Even if he had, it is clear that Appellant and his counsel were well

aware of the charges, as they negotiated a plea bargain with the

Commonwealth, and the plea colloquy included a recitation of the facts

alleged as well as stated the criminal charges.  Appellant also was reminded

that no promises regarding his sentence had been made.   We read such

conduct by Appellant as a knowing acquiesce in the technical error and

conclude that the Commonwealth provided Appellant with a sufficiently

specific accusation of the crimes charged, as upon pleading guilty a

defendant admits to all of the facts averred in the indictment. ***See***

***Commonwealth, Department of Transportation v. Mitchell***, 517 Pa.

203, 212, 535 A.2d 581, 585 (1987) (plurality). ***See also Commonwealth***

***v. Montgomery***,  485 Pa. 110, 114, 401 A.2d 318, 319 (1979) (stating that

a guilty plea constitutes a waiver of all nonjurisdictional defects and

defenses and stressing that a defendant who pleads guilty waives the right

---

[8] Appellant has not provided the notes of testimony of the preliminary hearing for our review.  "It is the obligation of the appellant to make sure that the record forwarded to an appellate court contains those documents necessary to allow a complete and judicious assessment of the issues raised on appeal." ***Hrinkevich v. Hrinkevich***, 676 A.2d 237, 240 (Pa.Super. 1996) (citation omitted).

to challenge anything but the legality of his sentence and the validity of his plea). Thus, despite the technical flaw, the trial court did not err in its decision to permit the Commonwealth to amend the information.

With regard to Appellant's claim the trial court erred by failing to *sua sponte* continue his scheduled trial in light of its decision to allow the Commonwealth to amend the Criminal Information, we note that it was not required to do so under Pa.R.Crim.P. 564. Also, Appellant admits he never sought a continuance either orally or in writing, and our review of the record confirms he neither requested additional time nor objected on the record after the trial court found the Amended Information did not result in prejudice or unfair surprise to Appellant and his codefendants. **See** Brief for Appellant at 17; N.T., 9/21/15, at 27. To the contrary, Appellant asked only that the accomplice liability language be stricken from the Amended Information so that he may "proceed with trial tomorrow on the original charge that he was charged with some nine months ago." N.T., 9/21/15, at 17.

On Appeal, Appellant has proffered only a bald assertion he was prejudiced by the amendment and failed to assert how he would have prepared differently for trial had a continuance been granted *sua sponte*. Accordingly, Appellant has waived this claim. **See Commonwealth v. Houck**, 102 A.3d 443, 451 (Pa.Super. 2014) (stating, "the failure to make a timely and specific objection before the trial court at the appropriate stage

of the proceedings will result in waiver of the issue." (citation omitted));

Pa.R.A.P. 302(a) (stating an issue not raised in the trial court is considered

waived for purposes of appellate review).

In his fourth claim, Appellant avers the trial court erred in denying his

pre-sentence motion to withdraw his guilty plea filed on November 2, 2015,

in light of his assertion of a plausible claim of innocence.  In support of this

claim, Appellant argues that through his counsel he asserted at the

sentencing hearing he was "not guilty of this offense" and was under a

"great deal of pressure" when he entered his plea and "said things that were

not accurate."  Brief for Appellant at 20.  He claims that his confusion arose,

in part, from his inability to discuss with counsel the ramifications of the

Commonwealth's amendment to the Criminal Information to include a theory

of accomplice liability.  *Id*. citing N.T. Sentencing, 11/03/15, at 5-6.  Relying

upon **Commonwealth v. Carrasquillo**, 631 Pa. 692, 115 A.3d 1284

(2015), Appellant reasons that "given the unique situation that [he] was

placed in the day of jury selection, i.e. the delayed Amended Information,

[he] stated fair and just reasons for his desire to withdraw his guilty plea,

and said request should have been granted by the trial judge."  Brief for

Appellant at 20.  Acknowledging the fact that he had agreed to waive his

opportunity to withdraw his guilty plea, Appellant posits he should not be

prevented from exercising his right to do so notwithstanding.  Appellant

stresses he had entered an open plea and that the Commonwealth would

have had difficulty proving him guilty of first-degree murder beyond a reasonable doubt. *Id*. at 21-22.

Under Pa.R.Crim.P. 591, a trial court may, in its discretion, allow a defendant to withdraw a guilty plea at any time before his sentence is imposed. Pa.R.Crim.P. 591(A) ("At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty."). The standard of review that we employ in challenges to a trial court's decision regarding a pre-sentence motion to withdraw a guilty plea is well-settled:

> A trial court's decision regarding whether to permit a guilty plea to be withdrawn should not be upset absent an abuse of discretion. An abuse of discretion exists when a defendant shows any fair and just reasons for withdrawing his plea absent substantial prejudice to the Commonwealth. In its discretion, a trial court may grant a motion for the withdrawal of a guilty plea at any time before the imposition of sentence. Although there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made before sentencing should be liberally allowed. The policy underlying this liberal exercise of discretion is well-established: The trial courts in exercising their discretion must recognize that before judgment, the courts should show solicitude for a defendant who wishes to undo a waiver of all constitutional rights that surround the right to trial—perhaps the most devastating waiver possible under our constitution. In *[Commonwealth v.]Forbes*, [299 A.2d 268 (Pa. 1973)] our Supreme Court instructed that, in determining whether to grant a pre[-]sentence motion for withdrawal of a guilty plea, the test to be applied by the trial courts is fairness and justice.

*Commonwealth v. Elia*, 83 A.3d 254, 261–262 (Pa.Super. 2013) (internal quotations and citations omitted). In addition, our Supreme Court in *Carrasquillo* recently reaffirmed the *Forbes* ruling, stating:

> there is no absolute right to withdraw a guilty plea; trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.

*Carrasquillo*, 631 Pa. at 704, 115 A.3d at 1291–1292 (footnote omitted).

In *Carrasquillo* the Supreme Court also declared a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for pre-sentence withdrawal of a plea. *Carrasquillo*, 631 Pa. at 704, 115 A.3d at 1292.[9] The Court concluded that a *per se* approach to allowing a pre-sentence withdrawal of a guilty plea on one's mere assertion of his innocence is unsatisfactory. *Id.* It further noted that in evaluating a pre-sentence request to withdraw a guilty plea, courts could consider the timing of the innocence claim. *Carrasquillo.*, 631 Pa. at 705, 115 A.3d at 1292 citing *Commonwealth v. Forbes*, 450 Pa. 185, 192, 299 A.2d 268, 272 (1973) ("Obviously, the appellant, by his assertion of innocence—so early in the proceedings, *i.e.*, one month after the initial

_____

[9] The Supreme Court arrived at the same conclusion in a companion case, *Commonwealth v. Hvizda*, ____ Pa. _____, 116 A.3d 1103 (2015), decided the same day.

tender of a plea,—offered a 'fair and just' reason for withdrawal of the plea.") (brackets omitted).

In considering this issue, the trial court stressed that Appellant had indicated when entering his guilty plea he was aware jurors and all parties were ready for trial and understood he was, therefore, giving up his right to withdraw his plea. The trial court explained it had informed Appellant that it would not grant such a motion were Appellant to file one "between now and at the time of [his] sentencing." Trial Court Opinion, filed 3/1/16, at 12 citing N.T. Guilty Plea, 9/22/15, at 15. Accordingly, the trial court reasoned that since Appellant had waived his right to withdraw his guilty plea, it did not err in denying his subsequent motion. *Id.* at 14.

In the alternative, the trial court asserted that even if Appellant had not waived his right to withdraw his plea, he could not have been entitled to do so for his failure to present a plausible claim of innocence or colorable demonstration that permitting withdrawal of the plea would promote fairness and justice in this matter as is required under *Carrasquillo* and *Hvizda*. The trial court reasoned that:

> the evidence presented at the preliminary hearing clearly place[s] him at the scene of the murder with a weapon in his hand firing at Williams. Further, eyewitness testimony was that [Appellant], along with Cook and Cosby continued to fire at Williams as he fled. Viewing [Appellant's] claim against the totality of the evidence available reveals that his claim of innocence is implausible under the factual circumstances of this case.

Trial Court Opinion, filed 3/1/16, at 15.

- 16 -

Initially, we note that this Court has held a trial court abused its discretion when it found a defendant waived his right to withdraw a guilty plea prior to sentencing where the defendant had entered an open plea and later asserted his innocence, and where there was no alleged prejudice to the Commonwealth if the plea were to be withdrawn. ***Commonwealth v. Pardo***, 35 A.3d 1222, 1224 (Pa.Super. 2011). We further have held that in keeping with the dictates of Pa.R.Crim.P. 590 and 591 and our Supreme Court's liberal standard of granting pre-sentence requests to withdraw guilty pleas, a trial court may not "curtail a defendant's ability to withdraw his guilty plea via a boilerplate statement of waiver in a written guilty plea colloquy." ***Id***. In light of the foregoing, while we acknowledge the Commonwealth's position that the waiver in this case was not a boilerplate waiver but, rather, was attendant to jury selection, Brief for Appellee at 16, we decline under the facts of this case to find Appellant waived his right to withdraw his guilty plea. However, relying on the most recent pronouncements of our Supreme Court in ***Carrasquillo*** and ***Hvizda***, we find no abuse of discretion on the part of the trial court in concluding, in the alternative, that Appellant failed to assert a plausible claim of innocence or to show that permitting withdrawal of the plea would promote fairness and justice herein.

Appellant entered his guilty plea on September 22, 2015, yet he did not file his motion to withdraw his plea until November 2, 2015, the day before his scheduled sentencing. Therein, he simply averred "he is not

guilty of the alleged offenses," and that "he was under great pressure and not thinking clearly when he entered his guilty pleas on the above referenced date." *See* Motion for Withdrawal of Guilty Plea, filed November 2, 2015, at ¶ 3. Such assertions in a last minute motion to withdraw a guilty plea do not amount to a colorable claim of innocence or suggest Appellant should have been permitted to withdraw his plea in the interest of justice.

To the contrary, prior to filing his motion, Appellant prepared a written colloquy, and the trial court conducted an extensive discussion with Appellant in response to the latter's inquiry as to what his sentence might be. N.T. Guilty Plea, 9/22/15, at 5-6. During this time, the trial court explained to Appellant the potential for a life imprisonment sentence should a jury convict him of first-degree murder and the ramifications of the proffered plea agreement. N.T. Guilty Plea, 9/22/15, at 5-8. Therefore, we find the trial court did not abuse its discretion when it refused Appellant's attempted withdrawal of his plea.[10]

---

[10] Because Appellant did not demonstrate this prerequisite, we need not consider whether the withdrawal of his plea would substantially prejudice the Commonwealth. *See Carrasquillo*, *supra*, 115 A.3d at 1293 n. 9. Notwithstanding, in reliance on the tendered pleas, witnesses and jurors who were present to participate in Appellant's trial on September 22, 2015, were dismissed. Our Supreme Court has found substantial prejudice and affirmed the denial of a defendant's pre-sentence motion to withdraw his guilty plea where the Commonwealth dismissed numerous key witnesses in reliance upon the plea. *Commonwealth v. Ross*, 498 Pa. 512, 447 A.2d 943 (1982).

Finally, in an argument which consists of just one statement, Appellant avers his sentence was excessive and that the trial court failed to consider his age, his expression of remorse and the psychological report he submitted in his post-sentence motion prior to sentencing. Upon noting it never had viewed Appellant's brief and, therefore, could not discern whether the averments he made therein met the standard set forth in Pa.R.A.P. 2119(f), the trial court assumed, *arguendo*, the brief was not defective and that Appellant had raised a substantial question permitting appellate review. Notwithstanding, the trial court proceeded to determine this issue lacked merit and explained it properly had considered the Sentencing Guidelines, Appellant's Pre-sentence Investigation (PSI) report, mitigating factors, and the circumstances surrounding the crimes when fashioning Appellant's sentence which fell within the standard range of the Sentencing Guidelines. Upon our review, we find Appellant has waived this issue.

A claim the trial court failed to consider mitigating factors implicates the discretionary aspects of one's sentence.[11] **See Commonwealth v. Raven**, 97 A.3d 1244, 1252 (Pa.Super. 2014) (a claim that the sentencing court failed to consider mitigating factors when imposing sentence is a

_____

[11] Open plea agreements do not preclude a defendant from appealing the discretionary aspects of his sentence. **See Commonwealth v. Tirado**, 870 A.2d 362, 365 n. 5 (Pa.Super. 2005).

challenge to the discretionary aspects of one's sentence). It is well-settled that a challenge to the discretionary aspects of one's sentence must be treated as a petition for permission to appeal, as the right to pursue such a claim is not absolute. ***Id***. When considering an appellant's challenge to the discretionary aspects of his sentence, we conduct a four-part analysis to determine:

> (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury****,* 992 A.2d 162, 170 (Pa.Super. 2010) (quotation marks and some citations omitted).

Herein, Appellant disputed his sentence in a post-sentence motion and filed a timely appeal. However, Appellant's brief fails to include the requisite Rule 2119(f) statement, and the Commonwealth has objected to this deficiency. "Because the Appellant failed to comply with Pa.R.A.P. 2119(f) and the Commonwealth objected to the omission, this Court may not review the merits of the claim[.]" ***Commonwealth v. Kiesel***, 854 A.2d 530, 533 (Pa.Super. 2004).[12]

_____

[12] Even had Appellant included the requisite Rule 2119(f) statement in his appellate brief, we would have found this claim waived for lack of

*(Footnote Continued Next Page)*

Judgment of sentence affirmed.[13]

PJ Gantman and Judge Moulton concur in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/17/2017

---

*(Footnote Continued)* ————————————

development. **See Commonwealth v. Spotz**, 610 Pa. 17, 157, 18 A.3d 244, 327 (2011).

[13] "It is well-settled that an appellate court may affirm the decision of the trial court if there is any basis on the record to support the trial court's action. This is so even if we rely upon a different basis in our decision to affirm." **Commonwealth v. Harper**, 611 A.2d 1211, 1213 n. 1 (Pa.Super. 1992) (citations omitted).