J-S30033-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CARTER SYLVESTER :
:
Appellant : No. 2547 EDA 2021

Appeal from the Judgment of Sentence Entered November 9, 2021
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0005370-2020

BEFORE: STABILE, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: **FILED SEPTEMBER 08, 2022**

Carter Sylvester (Sylvester) contends in this direct appeal that he entered a guilty plea due to the ineffective assistance of trial counsel and that the Court of Common Pleas of Montgomery County (trial court) erred in denying his post-sentence motion to withdraw the plea because he was innocent of the charges. Appellate counsel for Sylvester has petitioned to withdraw from the case, asserting that the appeal is frivolous. We grant counsel's petition to withdraw and affirm the judgment of sentence.

**I.**

This case arose from an incident in which a police officer encountered a man walking toward incoming traffic on a highway turnpike. According to the

_____

[*] Retired Senior Judge assigned to the Superior Court.

officer, this man gave the name, "Armani Osuji," at which point the officer patted him down for weapons, finding a handgun on his person. The officer found no concealed weapon carry permits under the given name, and after searching the man's bag, the officer found "court paperwork" concerning the recent arrest of "Carter Sylvester" in New York City for burglary.

Authorities in New York City provided the officer with a photograph of the person referenced in the court paperwork and the image matched the face of the person who the officer had encountered on the highway (Sylvester). Sylvester was arrested and charged on October 10, 2020, with receiving a stolen firearm (18 Pa.C.S. § 3925(a)); carrying a firearm without a license (18 Pa.C.S. § 6106(a)(2)); false identification to law enforcement (18 Pa.C.S. § 4914); possession of an instrument of crime (18 Pa.C.S. § 907(b)); and pedestrian walking along or on highway (75 Pa.C.S. § 3544(c)).

On November 9, 2021, with the aid of counsel, Sylvester negotiated an agreement in which the Commonwealth would drop the two latter charges in exchange for Sylvester's guilty plea as to the remaining three counts. The Commonwealth agreed to request an aggregate sentence of two years of probation and the trial court then sentenced Sylvester accordingly.[1]

---

[1] Sylvester had been sentenced to a minimum period equivalent to time served as to these counts, with a maximum prison term of 23 months. However, upon entering his guilty plea, Sylvester was immediately granted parole, effective from the date he initially went into custody on the subject charges, October 10, 2020. The maximum sentence ends on September 10, 2022.

- 2 -

Just prior to entering the plea and being sentenced, Sylvester received written and verbal plea colloquies. At the plea hearing, Sylvester had testified that his counsel had reviewed the entire plea form with him and that he was satisfied with counsel's representation. Sylvester was given the opportunity to consult with counsel prior to entering his plea and Sylvester declined. Moreover, Sylvester testified that he had not been coerced or promised anything in exchange for his guilty plea. *See* Transcript of Guilty Plea Colloquy, 11/9/2022, at pp. 6-12.

Nevertheless, 12 days after the judgment of sentence was entered, Sylvester claimed in a letter dated November 22, 2021, that his counsel was ineffective in failing to seek the suppression of evidence, misadvising him that he would have to wait up to four years to go to trial, and misadvising him about the immigration consequences of entering a guilty plea. This letter was deemed to be an untimely post-sentence motion because it was sent over ten days after the date on which the judgment of sentence was entered.

Sylvester timely appealed, *pro se*, the judgment of sentence on December 7, 2021.[2] Counsel was appointed to represent Sylvester in the appeal. The trial court entered an opinion on March 18, 2022, outlining the reasons why Sylvester's guilty plea was valid and the judgment of sentence

_____

[2] It appears that the trial court never entered an order ruling on Sylvester's motion to withdraw his plea, and that Sylvester filed a direct appeal as to his judgment of sentence before any ruling on the motion was entered.

should be affirmed. *See* Trial Court Opinion, 3/18/2022, at 1-6. No statement of matters complained of on appeal, *see* Pa.R.A.P. 1925(b), was submitted on Sylvester's behalf, as the trial court had not ordered one to be filed.

On June 23, 2022, Sylvester's appellate counsel submitted an application to withdraw, along with an *Anders* brief in which counsel stated that the appeal was entirely frivolous.[3] The brief nevertheless raised five issues relating to the validity of Sylvester's guilty plea, all of which were apparently gleaned from Sylvester's post-sentence motion and discussions between Sylvester and appellate counsel:

> 1. Trial Counsel failed to provide effective assistance of counsel in failing to file a motion to suppress evidence, giving the advice that [Sylvester] would have to wait three to four years for a trial date and that he failed to advise [him] of immigration consequences of a plea.
>
> 2. The plea was not knowing, intelligent and voluntary as [Sylvester] was forced into making a plea deal when he wasn't guilty of anything, furthermore "lying to an officer" was a "lie and it's unconstitutional."
>
> 3. [Sylvester] is appealing that since [he] was illegally arrested for a summary offense that he never committed he was subjected to Double Jeopardy and illegal search and seizure.
>
> 4. [Sylvester] appeals the issue that the Officer did not present [Sylvester's] Birth Certificate (with an alleged different name) that the Officer claimed was not real.
>
> 5. [Sylvester] is appealing because he was illegally convicted for producing real documents (with an alleged different name) to an

---

[3] *See Anders v. California*, 386 U.S. 738 (1967); *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).

Officer because [Sylvester's] name was one he [the Officer] never heard before.

**Anders** Brief, at 3-4 (suggested answers omitted).

Sylvester was sent a letter from appellate counsel advising him of his right to retain new counsel, to proceed in the appeal *pro se*, and to raise any additional issues to this Court. Sylvester has not filed a response to counsel's petition to withdraw.[4]

## II.

First, as to appellate counsel's petition to withdraw, we note that such petitions may be granted if counsel has filed an **Anders** brief which satisfies the following requirements:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: ( 1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

Moreover, in the petition itself, counsel must state that counsel has determined from a conscientious review of the record that the appeal is frivolous. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super.

---

[4] The Commonwealth did not file a brief in this appeal.

2007). Counsel must also provide a copy of the **Anders** brief to the appellant and advise the appellant of the right to retain private counsel, proceed *pro se*, or raise additional arguments. **See id**. Once it is determined that appellate counsel has satisfied the above requirements, this Court may perform an independent evaluation of the record to determine whether the appeal is wholly frivolous. **See Commonwealth v. Rojas**, 874 A.2d 638, 639 (Pa. Super. 2005).

In the present case, counsel's brief satisfies the requirements of **Anders** and **Santiago**. The brief provides a summary of the procedural history and case facts, with citations to the record. Counsel has also provided a summary of the record, raised issues that arguably support grounds for appellate relief, and stated reasoned conclusions why those issues are frivolous. Finally, counsel notified Sylvester of his request to withdraw by sending him a copy of the **Anders** brief and a letter explaining his right to retain new counsel or proceed *pro se*, as well as the right to raise any issues he believes might have merit.

Because counsel has satisfied the procedural requirements for withdrawal from the appeal, we may examine the claims raised in the brief to determine if they are frivolous. **See Anders**, 386 U.S. at 744; **Rojas**, 874 A.2d at 639.

### III.

### A.

Sylvester's first claim is that trial counsel was ineffective in failing to file a motion to suppress evidence, misadvising Sylvester that a trial could not take place for up to four years, and misadvising Sylvester about the immigration consequences of a plea.

Claims concerning the alleged ineffective assistance of counsel are usually deferred until the post-conviction stage[5] and not reviewed on the merits during a direct appeal. *See Commonwealth v. Holmes*, 79 A.3d 562, 563 (Pa. 2013). Two recognized exceptions are where (a) "a discrete claim (or claims) of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice," and (b) "where the defendant seeks to litigate multiple or prolix claims of counsel ineffectiveness, including non-record based claims, on post-verdict motions and direct appeal" but only where good cause is shown and post-conviction review of the claim has already been waived. *Id*.; *see also Commonwealth v. Delgros*, 183 A.3d 352, 355 (Pa. 2018) (enumerating two *Holmes* exceptions to rule deferring ineffectiveness claims to collateral review stage). Trial courts may review the merits of

---

[5] Post-conviction claims, including those relating to the ineffective assistance of counsel, are governed by the Post-Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546 (PCRA).

ineffectiveness claims at their discretion if one of these exceptions is met. *See Holmes*, 79 A.3d at 563.

Here, the trial court did not abuse its discretion in declining to consider the merits of Sylvester's ineffectiveness claims in this case because neither of the above exceptions were satisfied. As to the first exception, the certified record includes Sylvester's written and oral plea colloquies in which he expressly stated that his plea was voluntary and that he was satisfied with his trial counsel's representation. *See* Transcript of Guilty Plea Colloquy, 11/9/2022, at pp. 6-7. "A defendant is bound by the statements made during the plea colloquy, and a defendant may not later offer reasons for withdrawing the plea that contradict statements made when he pled." *Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012) (quoting *Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa. Super. 2001)).

In light of the binding sworn statements, Sylvester has not demonstrated how the merit of any of his ineffectiveness claims are apparent from the record to the extent that immediate consideration would serve the interests of justice. All of his ineffectiveness claims – including the alleged misadvice by counsel and counsel's failure to file a meritorious suppression motion – would require additional evidence that is not included in the record.

As to the second exception, Sylvester has not demonstrated that he waived the right to assert ineffectiveness claims at the post-conviction stage. To the contrary, the plea colloquies reflect that Sylvester retained that right.

He, therefore, failed to establish good cause why the merits of his ineffectiveness claims should immediately be considered. Thus, the trial court did not abuse its discretion in determining that Sylvester's ineffectiveness claims should be deferred to the post-conviction stage should he choose to avail himself of that option at a later time.

**B.**

Sylvester's second claim is that he did not enter a valid plea because he was forced to enter it despite his innocence. This claim is both waived and unsupported by the record.

In an appeal from a judgment of sentence resulting from a guilty plea, a defendant may only challenge the jurisdiction of the court, the legality of the sentence, and the validity of the plea. ***See Commonwealth v. Montgomery***, 401 A.2d 318, 319 (Pa. 1979). Sylvester does not dispute that the trial court had jurisdiction over his case or that he received a legal sentence. This Court has found no basis for such a claim in its independent review of the record.

Although the claim is rather undeveloped, Sylvester's argument seems to be that he was compelled to enter his plea involuntarily despite his innocence as to all three counts he pleaded guilty to.[6] This claim was waived

---

[6] A guilty plea is not valid unless it is knowing, intelligent and voluntary. **See Commonwealth v. Kelley**, 136 A.3d 1007, 1013 (Pa. Super. 2016). In order to ensure the validity of a plea, a court must give the defendant an oral or
*(Footnote Continued Next Page)*

because Sylvester failed to raise it in a post-sentence motion filed within ten days from the date his sentence was imposed. Under Pa.R.Crim.P. 720(A)(1), "a written post-sentence motion shall be filed no later than 10 days after imposition of sentence." Sylvester was sentenced on November 9, 2021, and he sent his post-sentence motion 12 days later, making it untimely.

Even if Sylvester had preserved the issue of an involuntary plea with a timely post-sentence motion, he would have still waived the claim for purposes of appeal through the sworn statements he gave in his plea colloquies. The decision of whether to allow a defendant to withdraw a plea "is within the sound discretion of the trial court." *Commonwealth v. Hart*, 174 A.3d 660, 664 (Pa. Super. 2017). When ruling on a post-sentence motion to withdraw a plea, a defendant must show that a "manifest injustice" would result from the motion's denial. *Commonwealth v. Broaden*, 980 A.32 124, 129 (Pa. Super. 2009). "Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily" and this evaluation must involve examination of "the totality of the circumstances surrounding the plea." *Id*.

---

written plea colloquy. *See Commonwealth v. Moser,* 921 A.2d 526, 529 (Pa. Super. 2007). The colloquy must demonstrate that the defendant understands: (1) the nature of the charges; (2) the factual basis for the plea; (3) the right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines; and (6) that the court is not bound by the terms of a plea agreement. *See Kelley*, 136 A.3d at 1013*.*

- 10 -

The record shows here that in his plea colloquies, Sylvester expressly admitted the factual basis for his guilty plea as to all three counts. **See** Transcript of Guilty Plea Colloquy, 11/9/2022, at pp. 9-10. Sylvester admitted that he falsely identified himself to a police officer, that he had received a stolen firearm, and that he was carrying the firearm without a license. **Id**.

He also expressly waived the right to dispute the factual basis of the plea, including the sworn account of the arresting officer. Since Sylvester is bound by the sworn statements he gave during his plea colloquies, he cannot now contradict himself in order to withdraw his plea. **See Commonwealth v. Orlando**, 156 A.3d 1274, 1281 (Pa. Super. 2017). Thus, because Sylvester's post-sentence motion was untimely and because the record does not support his contention that his plea was involuntary, the trial court did not abuse its discretion in declining to allow him to withdraw his plea.

## C.

Sylvester's third, fourth and fifth claims all raise similar challenges to the factual basis for his guilty plea. The common premise of each of these claims is that Sylvester's three convictions are "illegal" because he was initially detained for correctly identifying himself to the arresting officer as "Armani Osuji" (*i.e.*, the real name of the above-captioned appellant is not "Carter Sylvester").

Again, Sylvester waived the right to assert these claims when he agreed to the factual basis of his plea in his colloquies. **See Montgomery**, 401 A.2d

- 11 -

at 319 (Defendant's claims on direct appeal following entry of guilty plea are limited to challenging the jurisdiction of the court, the legality of the sentence, and the validity of the plea). Thus, no appellate relief is due.

Petition to withdraw granted. Judgment of sentence affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

Date: <u>9/8/2022</u>